# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

MICHAEL P. GRAFMULLER,

        Petitioner,

v.                                                     ACTION NO. 2:12-cv-00052

HAROLD W. CLARKE,
Director of the Virginia
Department of Corrections,

        Respondent.

## OPINION AND ORDER

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner and Respondent consented to proceeding before a United States Magistrate Judge. ECF Nos. 5 & 7. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(c) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference dated March 29, 2012. ECF No. 8.

## I. STATEMENT OF THE CASE

**A. Background and Direct Review**

Petitioner Michael P. Grafmuller ("Petitioner" or "Grafmuller") is detained pursuant to a final judgment entered in the Circuit Court for the City of Hampton on May 18, 2009. ECF No. 1-1. On that day, the Circuit Court accepted Petitioner's *Alford* plea of guilty to the charges of (1) Attempted Carnal Knowledge; (2) Indecent Liberties; (3) Pornography; and (4) Solicitation, all involving a minor child. *See id.* Petitioner was sentenced to a total of 35 years, with 25 years

suspended. *Id*. In the present action, Petitioner challenges both his conviction and his sentence.

Grafmuller filed a direct appeal to the Virginia Court of Appeals, claiming that his *Alford* plea was not knowingly, voluntarily, or intelligently entered, that the trial court abused its discretion in imposing its sentence, and that the trial court erred in imposing a mandatory minimum sentence for the solicitation offense. ECF No. 11-2. On November 10, 2009, a single judge of the Virginia Court of Appeals denied the petition. *Id.* Subsequently, on March 26, 2010, a three-judge panel granted review on the mandatory minimum sentencing claim. ECF No. 11-3. On August 31, 2010, in a published opinion, the Virginia Court of Appeals affirmed Grafmuller's convictions and upheld the application of a mandatory minimum sentence. *Grafmuller v. Commonwealth*, 57 Va. App. 58 (2010). Grafmuller's appeal to the Virginia Supreme Court was denied on January 25, 2011. ECF No. 11-4.

On August 6, 2010, while Grafmuller's direct appeal was under review, he filed a declaratory judgment action in the Circuit Court of Richmond County, claiming that the Juvenile and Domestic Relations Court lacked subject matter jurisdiction to "make a finding of probable cause that crimes were committed in the aforementioned cases." ECF No. 11-5. On November 24, 2010, the action was dismissed by order of the Circuit Court for Richmond County, upon a finding that the issue "should have been raised in the trial court in his criminal case and on direct appeal from that judgment." ECF No. 11-6. Grafmuller appealed the dismissal order, and the Virginia Supreme Court dismissed his appeal on March 30, 2011 for a failure to assign error. ECF No. 11-7. Grafmuller's petition for rehearing was denied on June 16, 2011. ECF No. 11-8.

**B. State Habeas**

On May 12, 2011, Grafmuller executed a petition to the Virginia Supreme Court seeking

a writ of habeas corpus, ECF No. 11-9, and Grafmuller amended his habeas petition on August 4, 2011, ECF No. 11-9. On December 1, 2011, the supreme court granted Respondent's motion to dismiss the petition and declined to issue a writ of habeas corpus. ECF No. 11-13. The court addressed the following four claims[1]: (1) that the court that held the probable cause determination to certify charges to the grand jury lacked subject matter jurisdiction; (2) that Grafmuller was denied effective assistance of counsel throughout his case; (3) that the administration of Grafmuller's *Alford* plea contained error; and (4) that the court erred in imposing a mandatory minimum sentence on the solicitation charge. *See id.*

The Virginia Supreme Court determined that the jurisdictional claim was without merit because Grafmuller had failed to enter an objection to the juvenile court's jurisdiction before evidence was heard or the first witness was sworn. *See id.* (citing Va. Code Ann. § 16.1-241(J) (West)). Similarly, the court held that the claim regarding the administration of Grafmuller's *Alford* plea was not cognizable because it had not been raised at trial or on direct appeal. *Id.* The court also held that the claim alleging the lower court erred in the imposition of a mandatory minimum was barred because it had been raised and decided on direct appeal. *Id.* Finally, with regards to Grafmuller's ineffective assistance of counsel claims, the court held they failed to satisfy the two-part standard of *Strickland v. Washington* and were therefore without merit. *Id.*

**C. Federal Habeas**

Grafmuller executed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on January 11, 2012, which he filed in this Court on January 25, 2012. ECF No. 1. Respondent

---

[1] Grafmuller asserted four initial claims, then amended his petition on August 4, 2011 to include an additional ground that his counsel was ineffective for failing to attempt suppression of key pieces of evidence. The court first addressed Grafmuller's original four claims, then denied Grafmuller's additional ground, finding that he should be bound by an earlier representation that counsel's performance was sufficient. For clarity, this Court includes Grafmuller's additional ground under the larger claim of ineffective assistance of counsel.

filed a Rule 5 Answer and Motion to Dismiss on April 6, 2012. ECF Nos. 9 & 10. Grafmuller filed his motion in opposition on April 23, 2012. ECF No. 16. To the extent that Grafmuller has requested an evidentiary hearing on the issues presented in his petition, the Court DENIES the request, as purely legal issues are presented, and the Court may adequately resolve the issues as presented in the briefs. *See* Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, this matter is ripe for review.

Grafmuller asserts that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(1) The trial court did not have subject matter jurisdiction to hold a probable cause determination and certify charges to the grand jury;

(2) Grafmuller's counsel was ineffective throughout the case and appeal for failing to: challenge variances in the indictments, challenge convictions for charges not identified in the indictments, challenge the expiration of the statute of limitations, attempt suppression of key pieces of evidence, and ensure Grafmuller's *Alford* plea was knowingly and intelligently entered;

(3) The trial court erred in the administration of Grafmuller's *Alford* plea, resulting in a plea that was not knowingly, intelligently, or voluntarily entered;

(4) The trial court erred in imposing a mandatory minimum sentence under § 18.2-374.3(C), violating Grafmuller's due process rights.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion and Procedural Default

In order for this Court to review the merits of Grafmuller's claims, each claim must be

exhausted. *See* 28 U.S.C. § 2254(b) (2006). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993); *see also*, *Jones v. Sussex I State Prison*, 591 F.3d 707, 712-13 (4th Cir. 2010). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (*citing Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997). All of Grafmuller's claims are exhausted because they were either presented to the Supreme Court of Virginia, or because they can no longer be raised.

In addition to the exhaustion requirement, all of Grafmuller's claims must also not have been procedurally defaulted in order for this Court to address their merits. *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) A claim is procedurally defaulted when a state court refuses review of the claim under an adequate and independent state procedural rule. *Id.*; *see also*, *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."). A claim is also both procedurally defaulted and exhausted when a state court has not had the opportunity to review the claim and would now refuse review under an adequate and independent state procedural rule. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). A state procedural rule is adequate if it is firmly established and regularly followed, *McNeil v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007) (citing *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988)), and it is independent if it does not depend on a federal

constitutional ruling, *id.* (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

Grafmuller's third claim is procedurally defaulted. In claim (3), Grafmuller asserts that the trial court erred in the administration of his *Alford* plea, resulting in a plea that was not knowingly, intelligently, or voluntarily entered. *See* ECF No. 1, 19-20, 63. On state habeas review, the Virginia Supreme Court held, under *Slayton v. Parrigan*, 215 Va. 27 (1974), that this claim "is barred because this non-jurisdictional issue could have been raised at trial and on direct appeal and, thus, is not cognizable in a petition for a writ of habeas corpus." ECF No. 11-13. *Slayton* has consistently been held to constitute an adequate and independent state procedural rule. *Fisher* 163 F.3d at 844 ("We have repeatedly recognized that 'the procedural default rule set forth in *Slayton* constitutes an adequate and independent state law ground for decision.'" (quoting *Mu'min v. Pruett*, 125 F.3d 192, 196 (4th Cir.), cert. denied, 522 U.S. 978 (1997))). Therefore, Grafmuller's third claim is procedurally defaulted and this Court may not review its merits.

**B. Cognizability**

In order for this Court to address the merits of any exhausted, non-procedurally defaulted claims, they must also be cognizable in federal court, meaning that the claims arise from matters of federal law. 28 U.S.C.A. § 2254 (West); *see also*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Grafmuller's first claim is not cognizable and may not be reviewed by this Court. In claim (1), Grafmuller contends that the trial court did not have subject matter jurisdiction to hold

6

a probable cause hearing for certification of the charges against Grafmuller to the grand jury. *See* ECF No. 1, 19, 63. The Virginia Supreme Court, in addressing this claim in Grafmuller's state habeas petition, held that, under Virginia Code § 16.1-241, Grafmuller had waived this jurisdictional claim by failing to raise it "in a non-jury trial, before evidence is heard or the first witness is sworn." ECF No. 11-13.

In general, jurisdictional claims are a matter of state law interpretation. *See Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998). Where, as here, a federal habeas petitioner has raised a jurisdictional claim to the highest state court, we are bound by that court's ruling "as a final determination of state law by the highest court of the state." *Id.* at 158. Accordingly, because Grafmuller raised this jurisdictional claim in his state habeas proceeding, and because the Virginia Supreme Court found it lacked merit as a matter of state law, this claim is not cognizable on federal habeas review.

**C. Merits**

Grafmuller's remaining claims are properly exhausted, not procedurally defaulted, and cognizable. Under 28 U.S.C. § 2254, this Court may not grant relief on any claim that was adjudicated on its merits in State court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2012).

A state court decision is "contrary to" clearly established Federal law when a state court

arrives at a conclusion opposite that of the Supreme Court on a question of law, or when a state court decides a case differently than the Supreme Court on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision constitutes an "unreasonable application" of Federal law when the court identifies the correct governing legal principal from the decisions of the Supreme Court, but unreasonably applies that principal to the facts of the case. *Id.* at 413. A state court need not cite to, or even be aware of, relevant Supreme Court precedent "so long as neither the reasoning nor the result" contradicts or unreasonably applies the law. *Early v. Packer*, 537 U.S. 3, 8 (2002). As this is a deferential standard of review, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 386-89. In the Fourth Circuit, under *Bell v. Jarvis*, a denial of appeal by the Virginia Supreme Court is "no less an 'adjudication' of the merits of the claim and must be reviewed under the deferential provisions of § 2254(d)(1)." *Bell v. Jarvis*, 236 F.3d 149, 158 (4th Cir. 2000). Accordingly, this Court must apply the same deferential standard of §2254 to a review of the decision of the Virginia Court of Appeals, upon which the Supreme Court of Virginia relied in rejecting Grafmuller's appeal. *Id.*

**1. Ineffective Assistance of Counsel**

In Grafmuller's second claim, he alleges that his counsel was ineffective throughout his case for failing to attempt suppression of key pieces of evidence, for failing to ensure Grafmuller's *Alford* plea was knowingly and intelligently entered, and for failing to challenge numerous issues in the trial court, including variances in the indictments, convictions for charges not identified in the indictments, and the expiration of the statute of limitations,. ECF No. 1, 62-

63. He claims that counsel coerced him into entering an *Alford* plea and, had he been fully informed, presumably through effective assistance of counsel, "there would have been no reason for Petitioner to consider, much less answer the charges with his Alford pleas." ECF No. 1, 35.

In order to sustain these allegations, Grafmuller must meet the standard for ineffective assistance of counsel claims established by *Strickland v. Washington*, 466 U.S. 668 (1984). *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) ("We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."). *Strickland* requires a review of counsel's performance, to determine 1) whether it fell below an objective standard of reasonableness and 2) whether Grafmuller suffered actual prejudice as a result. *Strickland*, 466 U.S. at 687-96. The "performance prong" of review under *Strickland* requires Grafmuller to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Grafmuller must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The "prejudice prong" requires Grafmuller to show that "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In order to meet the burden of establishing a reasonable probability of a different result, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Grafmuller must show "probability sufficient to undermine confidence in the outcome." *Id.* at 694. Specifically, because Grafmuller entered a guilty plea, he must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. A court

reviewing an ineffective assistance of counsel claim is not required to address the performance and prejudice prongs in a particular order. *Strickland*, 466 U.S. at 697. If a claim may be disposed of under one prong, analysis under the remaining prong is not required. *Id.* ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). Because this claim is presented in a petition for federal habeas review under § 2254, Grafmuller must show that the Supreme Court of Virginia's dismissal of his ineffective assistance of counsel claims was contrary to or an unreasonable application of the *Strickland* standard. 28 U.S.C. § 2254.

Grafmuller's ineffective assistance of counsel claims do not meet the requirements of *Strickland* and *Hill*, and the Virginia Supreme Court therefore correctly and reasonably applied federal law in denying those claims. As the court noted, "[t]he record, including the trial transcript and DVD recording depicting Grafmuller's crimes, demonstrates that petitioner understood his charges, that he entered his Alford pleas freely and voluntarily, that he was satisfied with the representation by his counsel, and that the evidence of his guilt was overwhelming." ECF No. 11-13. The plea colloquy conducted by the Honorable Louis Lerner shows that Grafmuller understood the elements of the crimes with which he was charged, was entirely satisfied with the services of his attorney and had ample time to discuss his representation including any possible defenses, understood he was entering an *Alford* plea of guilty and the rights he was giving up by doing so, and understood Judge Lerner was not bound by the sentencing guidelines. Tr. of Alford Plea Hr'g, State R. No. 1327-09-1, 3-11. The Virginia Supreme Court also correctly observed that Grafmuller entered no objection after the Commonwealth summarized the evidence against Grafmuller. ECF No. 11-13; *see also* Tr. of

10

Alford Plea Hr'g at 14-15.

Grafmuller has failed to provide any indication "that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. He provides the following reasoning for entering an *Alford* plea: "After considering what [counsel] said, especially the favorable guidelines range and the punishment on his guilty plea being time served, Petitioner and his family decided he would enter a guilty plea without admitting he committed the crimes." ECF No. 1, 11. At his plea hearing, Grafmuller was informed that the sentencing court was not bound by any sentencing guidelines or recommendations discussed between Grafmuller and his attorney. Tr. of Alford Plea Hr'g at 8. Grafmuller was fully aware that his actual sentence could differ from any sentence presented to him by his attorney when he entered his *Alford* plea. This Court cannot, therefore, find that Grafmuller would have plead not guilty had counsel acted differently. In turn, this Court cannot find that the Virginia Supreme Court unreasonably applied or violated federal law in denying to issue a writ of habeas corpus on Grafmuller's ineffective assistance of counsel claims.

**2. Due Process**

In Grafmuller's fourth and final remaining claim, he asserts that the trial court violated his due process rights through the imposition of a mandatory minimum sentence under Virginia Code § 18.2-374.3(C). ECF No. 1, 20, 49. The Virginia Supreme Court, on state habeas review, held that this due process claim was barred under *Henry v. Warden*, 265 Va. 246, 249 (2003), "because this issue was raised and decided on direct appeal from the criminal conviction, and therefore, it cannot be raised in a habeas corpus petition." ECF No. 11-13. Importantly, however, on direct appeal Grafmuller asserted only that the imposition of a mandatory minimum

sentence under Virginia Code § 18.2-374.3(C) was a violation of Virginia law. *See* Pet. for Appeal 18-27, State R. No. 1327-09-1; Br. of Appellant 6-16, State R. No. 1327-09-1. Grafmuller first asserted a due process violation on this issue in his state habeas petition. Pet. for Writ of Habeas Corpus 34, State R. No. 111244.

*Henry* extends the rule of *Slayton* to hold that "a non-jurisdictional issue raised and decided either in the trial or on direct appeal from the criminal conviction will not be considered in a habeas corpus proceeding." *Henry* 265 Va. at 249. Where denial on direct appeal is itself based on an adequate and independent state procedural rule, *Henry* may bar federal habeas review. *See Day v. Clarke*, 2:11CV0079, 2011 WL 6951229 (E.D. Va. Nov. 17, 2011) *report and recommendation adopted*, 2:11CV79, 2012 WL 27417 (E.D. Va. Jan. 4, 2012) *appeal dismissed*, 12-6089, 2012 WL 639440 (4th Cir. Feb. 28, 2012) ("The rule in *Henry* does not preclude federal habeas review in every case. However, where, as here, denial on direct appeal was also based on an adequate and independent state ground the claim is procedurally defaulted in federal court." (internal citations omitted)). Additionally, it is axiomatic in federal habeas law that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). *Henry* is not, however, a bar to federal habeas review where the underlying claim concerns a federal constitutional issue. *Bell v. True*, 413 F. Supp. 2d 657, 711-12 (W.D. Va. 2006) *aff'd sub nom. Bell v. Kelly*, 260 F. App'x 599 (4th Cir. 2008). Therefore, to the extent that Grafmuller's fourth claim asserts violations of Virginia law, this Court will not undertake review of the state court's determination on this issue. To the extent that Gramuller asserts a violation of his constitutional due process rights, however, this Court will review the merits of that claim.

The sentencing provision contained in Virginia Code § 18.2-374.3(C) provides for a mandatory minimum sentence of five years "if the [defendant] is at least seven years older than the child he knows or has reason to believe is less than 15 years of age . . . ." Va. Code § 18.2-374.3(C). Grafmuller has consistently argued that the state courts improperly applied this provision to the facts of his case in that, because he attempted to solicit an undercover police officer, there never was an actual minor child. *See* ECF No. 1, 49-52; *Grafmuller v. Commonwealth*, 57 Va. App. 58, 63 (2010) ("Appellant argues that his crime did not actually involve a child, so 'the child' is nonexistent in this case. Therefore, he contends, the mandatory minimum provisions in the statute does not apply here."). Grafmuller relates this claim to due process concerns through his assertion that "the state court interpretation of [§18.2-374.3] serves to judicially enlarge the impart of the penalty provision of the statute retroactively . . . resulting in two separate violations of Petitioner's due process." ECF No. 1, 49. He cites the Supreme Court's decision in *Bouie v. Columbia*, 378 U.S. 347 (1964), as authority for this claim.

In *Bouie*, the Court held that "[w]hen a similarly unforeseeable state-court construction of a criminal statute is applied retroactively to subject a person to criminal liability for past conduct, the effect is to deprive him of due process of law in the sense of fair warning that his contemplated conduct constitutes a crime." *Bouie* 378 U.S. at 354-55. Applied to this case, it is clear from the Virginia Court of Appeals' opinion that the trial court's construction of § 18.2-374.3 was entirely foreseeable and that Grafmuller would have had full warning his conduct constituted a crime eligible for the mandatory minimum. The court of appeals cites *Podracky v. Commonwealth* as holding that § 18.2-374.3 "does not require the solicitation of an actual minor." *Grafmuller*, 57 Va. App. at 63 (quoting *Podracky v. Commonwealth*, 52 Va.App. 130,

138, 141 (2008)). The court in *Podracky* noted that the Virginia Supreme Court had previously rejected an argument by the defendant in *Hix v. Commonwealth,* "that the evidence was insufficient for a conviction [under § 18.2-374.3] as a matter of law because the person solicited was an adult police officer and not a child." *Podracky v. Commonwealth*, 52 Va.App. 130, 142 (2008) (citing *Hix v. Commonwealth*, 270 Va. 335, 341-42 (2005). Additionally, in Grafmuller's case, the court of appeals undertook a complete statutory analysis of the provision, pointing out that requiring an actual minor child would contravene legislative intent, and that accepting Grafmuller's interpretation would require the court to ignore the phrase "he knows or has reason to believe is less than 15 years of age" in contravention of basic principles of statutory interpretation. *Grafmuller*, 57 Va. App. at 65-67. Even though the Virginia Court of Appeals did not cite *Bouie* in their opinion, neither their reasoning nor the result contradicts or unreasonably applies *Bouie*. *See Early v. Packer*, 537 U.S. 8. The trial court's construction of § 18.2-374.3 was foreseeable at the time of Grafmuller's trial. Therefore, this Court cannot find that the state court violated Grafmuller's due process rights as outlined in *Bouie* by construing § 18.2-374.3 in an unforeseeable manner.

### III. <u>Order</u>

For the foregoing reasons, the Court DENIES the petition for writ of habeas corpus (ECF No. 1) and GRANTS Respondent's motion to dismiss (ECF No. 9).

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a <u>written</u> notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment.

Petitioner has failed to demonstrate "a substantial showing of the denial of a

14

constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Opinion and Order to Petitioner and to counsel of record for Respondent.

_____/s/_____
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
July 31, 2012